UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY, | : | Case No. 1:05-cv-657 |
| | : | |
| | : | Weber, J. |
| Plaintiff, | : | Black, M.J. |
| | : | |
| vs. | : | |
| | : | |
| ALLTEL CORPORATION, | : | |
| | : | |
| Defendant. | : | **ORDER** |

This case is before the Court on a motion by Defendant ALLTEL Corporation ("ALLTEL") to compel Plaintiff Cincinnati Insurance Company ("CIC") to comply with the requirements of *Boone v. Vanliner Ins. Co.*, 91 Ohio St. 3d 209 (2001), and produce its entire claims file, all attorney-client communications, and all work product materials for the period from October 21, 2004 through August 31, 2005.  (Doc. 28.)  ALLTEL also seeks an order directing CIC to permit depositions to proceed on these documents and on any non-documented attorney client communications during this time period.  (*Id.*)

Although the motion is otherwise fully briefed (*see* Docs. 28, 31, 33), CIC seeks leave to supplement materials filed in opposition to the motion to compel.  (Doc. 39.)  No opposition has been filed to the motion for leave to supplement.

For the reasons that follow, the motions are granted.

The Ohio Supreme Court held in *Boone* that "in an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage." 91 Ohio St. 3d 213-214, 744 N.E.2d 154.  The court clarified that materials tending to demonstrate lack of good faith are not privileged and are discoverable, regardless of the status of the underlying claim. *Id.*

The parties agree that *Boone* applies in the present case.  The parties differ, however, as to the date of denial of ALLTEL's claim.  CIC maintains that the pertinent claim, relating to business interruption losses resulting from Hurricane Isabel in 2003, was denied no later than October 21, 2004.  ALLTEL argues that its claim was not officially denied until August 31, 2005.  The only issue before the Court is to determine the date that the claim was denied.

Upon careful consideration of the materials submitted by the parties (including those offered by CIC in its motion for leave to supplement), the undersigned finds that the claim was denied for purposes of this discovery dispute on August 31, 2005.

Although CIC was unwavering in its initial determination that the losses caused by damage to overhead transmission lines were not covered losses, CIC kept the claim file open.  It not only continued to correspond with ALLTEL about the claim, it also pursued an internal dialogue on the merits of the claim and its precedential effect.  For example, the documentation in the record includes an internal CIC memorandum from August 10, 2005, that refers to ALLTEL's claim for losses from Hurricane Isabel in 2003 as a

pending claim.  (*See* Doc. 31-5 at 5.)  A subsequent internal file memorandum from August 25, 2005 evidences an intent to "officially deny coverage for BI [Business Interruption]-Overhead items for current and prior years" and supports a determination that the claim had remained under consideration until that time.

Accordingly, **IT IS HEREIN ORDERED THAT** the motion to compel (Doc. 28) is **GRANTED.**  The effect of this finding is **LIMITED** to that necessary to the resolution of the instant motion.

**IT IS FURTHER ORDERED THAT** CIC's unopposed motion for leave to supplement materials filed in opposition to the motion to compel (Doc. 39) is **GRANTED,** and that the materials which are attached to the motion are **ACCEPTED** as **FILED**.

**IT IS SO ORDERED.**

Date:   10/20/06                                             s/Timothy S. Black
                                                             Timothy S. Black
                                                             United States Magistrate Judge